IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEKA USA DIM PROPERTY ONE LP,<br>    Plaintiff,<br><br>    vs.<br><br>THE WHITING-TURNER CONTRACTING COMPANY, et al.,<br><br>    Defendants. | Civil Action No. 1:24-cv-2876-RC<br><br>Judge Rudolph Contreras |

**PLAINTIFF DEKA USA DIM PROPERTY'S REPLY IN SUPPORT OF ITS RULE 56(d) MOTION TO CONDUCT DISCOVERY**

Plaintiff Deka USA DIM Property ("Deka") is entitled to conduct discovery under Fed. R. Civ. P. 56(d) to oppose Defendant The Whiting-Turner Contracting Company's ("Whiting-Turner") premature summary judgment motion. Whiting-Turner's summary judgment arguments turn on a fact-intensive inquiry into what Deka knew or should have known regarding defects in the composite metal panels ("CMPs") attached to the façade of Deka's office building (the "Property") before October 9, 2021.

Whiting-Turner argues—for the first time—that the discovery rule should not apply to determine when the statute of limitations began to run on Deka's breach of contract and negligence claims. (ECF No. 29, Page #1–2.) It also claims that Deka does not need discovery because all the information regarding what Deka "knew[] and when" is within Deka's possession. (*Id.*, Page #5.)

As an initial matter, the Court is bound by the D.C. Circuit's decision in *Commonwealth Land Title Ins. Co. v. KCI Techs., Inc.*, 922 F.3d 459, 466 (D.C. Cir. 2019), which predicted that under District of Columbia law, the discovery rule would apply in commercial construction disputes where the plaintiff lacks the sophistication to identify latent defects. Absent a more recent District of Columbia Court of Appeals case that contradicts *Commonwealth*, the Court has no

1

authority, as Whiting-Turner suggests, to "harmonize" or "take an independent view" of whether to apply the discovery rule in this case. (ECF No. 29, Page #1–2); *Easaw v. Newport*, 253 F. Supp. 3d 22, 33–34 (D.D.C. 2017) (describing the relationship between the application of state law under *Erie* and vertical stare decisis within the D.C. Circuit).

Because the discovery rule applies, Deka needs additional discovery to determine whether it knew of or could have known of the CMP defect, the cause in fact of the CMP defect, and any evidence of wrongdoing before October 9, 2021. At the time, Deka had virtually no information in its possession about the CMP failures and repeatedly asked for more relevant information. (*See* ECF No. 27-3, Page #5–6, ¶ 26; *see also* ECF No. 25-7, Page #2 (Deka expressing that it needs "more time to analyze the façade details"); ECF No. 25-8, Page #3 (Deka representative requesting information regarding the CMP's installation on October 1, 2021).) Accordingly, Deka needs to review all relevant internal and external communications among all parties between August 19, 2021 and October 9, 2021 to determine what information about the CMP defect was communicated to or withheld from Deka. (ECF No. 27-3, Page #4–5, ¶¶ 14–15, 17–18, 20–21, 23–24.) Deka also needs to review all communications and documents regarding the on-site property visit to inspect the fallen CMP on August 24, 2021. (ECF No. 25-5.) This information is relevant because it will reveal what Deka knew or should have known before October 9, 2021.

Even if the prior owner's knowledge is imputed to Deka, as Whiting-Turner contends (ECF No. 25, Page #7), the only evidence available in this procedural posture demonstrates, at most, the prior owner's awareness of a *single* fallen CMP. (ECF No. 25-5.) To understand what the prior owners knew about the CMP defect before October 9, 2021, Deka should be entitled to collect discovery of Whiting-Turner's communications with the prior owner and depose those involved—

2

not rely on Whiting-Turner's assumption of what they knew based on a cherry-picked collection of emails not involving Deka. (ECF No. 27-3, Page #4–5, ¶¶ 20–25.)

Whiting-Turner claims that the "perhaps exclusive [] evidence" of what Deka knew before October 9, 2021 is not in Whiting-Turner's files. (ECF No. 29, Page #5.) Effectively, Whiting-Turner claims that information about what Whiting-Turner knew, what it communicated with BCI, the prior owners, and the Property's management regarding the CMP defect is irrelevant to the statute of limitations inquiry. To the contrary, Deka seeks to contextualize the email exhibits attached to Whiting-Turner's motion in the full universe of relevant emails, including emails Whiting-Turner did not attach to its motion. (ECF No. 27-3 Page #4–5, ¶¶ 17 & 23.) None of this information is in Deka's possession. (*Id.*, ¶¶ 18–19, 21–22, 24–25.)

As the D.C. Circuit has stated, a "motion requesting time for additional discovery [under Rule 56(d)] should be granted 'almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence.'" *Convertino v. United States Dep't of Just.*, 684 F.3d 93, 99 (D.C. Cir. 2012) (quoting *Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995)).

Deka's lack of knowledge is not due to a lack of diligence. Deka did not know that Whiting-Turner would challenge Deka's claims as time-barred. Deka has neither engaged an expert on the subject to rebut Whiting-Turner's claims nor would Deka have even been authorized to begin expert discovery (or any discovery for that matter) because the pleadings have not closed, and the parties have yet to hold a Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1) ("A party "may not seek discovery from any source" before a conference under Rule 26(f) unless "authorized by . . . a court order."); (ECF No. 27-3, Page #2, ¶ 8 (describing that the pleadings have not closed in this case, no party has conducted any discovery, exchanged initial disclosures, served or responded to

discovery requests, or conducted a Rule 26(f) conference, and that the Court has not issued a scheduling order under Rule 16(b)).

The information Deka seeks to discover is relevant to what Deka knew or should have known about the details of the latent, concealed CMP defect, the CMP defect's cause in fact, and any indication of wrongdoing. *Commonwealth*, 922 F.3d at 464. Whiting-Turner does not dispute that the information Deka seeks is otherwise proportional to the case and non-privileged. (ECF No. 29, PageID #5); *see also* Rule 26(b)(1). Therefore, "[i]t would be unfair to require" Deka to oppose summary judgment "without any opportunity for discovery." *See Sagar v. Lew*, 309 F.R.D. 18, 20 (D.D.C. 2015). The Court must grant Deka's motion to conduct Rule 56(d) discovery.

                      Respectfully submitted,

                      */s/ Gregory J. Phillips*
                      Gregory J. Phillips, Esq. (DC Bar No. 464503)
                      Michael D. Meuti, Esq. (DC Bar No. 989355)
                      BENESCH, FRIEDLANDER, COPLAN
                      & ARONOFF LLP
                      127 Public Square, Suite 4900
                      Cleveland, OH   44114
                      Phone: (216) 363-4500
                      Fax: (216) 363-4588
                      E-Mail: gphillips@beneschlaw.com
                                mmeuti@beneschlaw.com

                      *Counsel for Plaintiff, Deka USA DIM Property One LP*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2025, a copy of the foregoing "Plaintiff Deka USA DIM Property One LP's Reply in Support of its Rule 56(D) Motion to Conduct Discovery" was filed electronically through the ECF/PACER system and was thus served via the Court's transmission facilities to all persons having filed an appearance in this matter. There are no persons entitled to service by regular mail.

*/s/ Gregory J. Phillips*
Gregory J. Phillips, Esq. (DC Bar No. 464503)

*One of the Attorneys for Plaintiff, Deka USA DIM Property One LP*