**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEKA USA DIM PROPERTY ONE LP, Plaintiff, vs. THE WHITING-TURNER CONTRACTING COMPANY, et al., Defendants. | Civil Action No. 1:24-cv-2876 Judge Rudolph Contreras |

**DEFENDANT BCI INCORPORATED'S ANSWER TO CROSSCLAIM OF THE WHITING-TURNER CONTRACTING COMPANY**

COMES NOW Defendant BCI Incorporated ("BCI" or "Defendant"), by and through counsel, Kathryn E. Bonorchis, Timothy P. Scott, Jr., and Lewis Brisbois Bisgaard & Smith, LLP, hereby answers the Crossclaim of The Whiting-Turner Contracting Company ("W-T"), and states upon information and belief as follows:

**Statement of Jurisdiction**

1.    The allegations in Paragraph 1 call for legal conclusions to which no response is required. To the extent a response is required, BCI admits only that it has appeared in this action. BCI denies any remaining allegations in Paragraph 1.

2.    Admit only that W-T's Crossclaim purports to arise from the facts and circumstances alleged by Plaintiff in this action. BCI denies the truth of Plaintiff's allegations against BCI and denies any liability to W-T.

3.    Admit only that W-T seeks indemnity and contribution from BCI. BCI denies that W-T is entitled to indemnity, contribution, or any other relief from BCI.

4.    The allegations in Paragraph 4 call for legal conclusions to which no response is required. To the extent a response is required, deny.

176823452.1

**Statement of Facts**

5.      Admit that BCI entered into a subcontract with W-T for certain glass, glazing, and metal work as part of the construction of the L'Enfant Plaza Southeast Office Building. The subcontract and the scope of work described therein are written documents that speak for themselves, and to the extent that the allegations in Paragraph 5 are inconsistent with the terms of the subcontract, deny.

6.      Admit that BCI undertook certain work pursuant to its subcontract with W-T, including certain glass, glazing, and metal panel work. The subcontract and scope of work are written documents that speak for themselves, and to the extent that the allegations in Paragraph 6 are inconsistent with those documents, deny.

7.      Paragraph 7 purports to characterize allegations in Plaintiff's Amended Complaint, which is a written document that speaks for itself. To the extent a response is required, BCI responds to the subparagraphs as follows:

a. Admit only that Paragraphs 20 through 23 of the Amended Complaint contain allegations regarding BCI and the subcontract between BCI and W-T. BCI incorporates by reference its responses to Paragraphs 20 through 23 of Plaintiff's Amended Complaint. To the extent Paragraph 7(a) purports to characterize the Amended Complaint or the subcontract, those documents speak for themselves. Deny any remaining allegations.

b. Admit only that Paragraph 34 of the Amended Complaint contains allegations regarding alleged defects with composite metal panels affixed to the building façade. BCI incorporates by reference its response to Paragraph 34 of Plaintiff's Amended Complaint. BCI denies that Plaintiff's allegations are true and denies that the alleged defects were caused by BCI's work.

176823452.1 2

c. Admit only that Paragraph 35 of the Amended Complaint contains allegations regarding the CMP system. BCI incorporates by reference its response to Paragraph 35 of Plaintiff's Amended Complaint. BCI denies that Plaintiff's allegations are true.

d. Admit only that Paragraph 39 of the Amended Complaint contains allegations regarding notice to BCI and an alleged demand to cure. BCI incorporates by reference its response to Paragraph 39 of Plaintiff's Amended Complaint. BCI denies that Plaintiff's allegations are true and denies that it ignored any valid demand to cure.

8.      Admit only that Count I of the Amended Complaint purports to assert a breach of contract claim against W-T. BCI denies the truth of Plaintiff's allegations and denies that W-T is entitled to any relief from BCI arising out of Plaintiff's claims.

9.      Admit only that Count VI of the Amended Complaint purports to assert a professional negligence claim against W-T, BCI, and Sun Metals. BCI denies the truth of Plaintiff's allegations and denies that W-T is entitled to any relief from BCI arising out of Plaintiff's claims.

10.      Admit only that the Amended Complaint includes a prayer for relief. The Amended Complaint is a written document that speaks for itself. BCI denies that Plaintiff is entitled to any relief against BCI and denies that W-T is entitled to any relief from BCI.

11.      Deny.

12.      Admit only that Paragraph 12 purports to quote from or characterize Article 9 of the subcontract. The subcontract is a written document that speaks for itself, and to the extent Paragraph 12 inaccurately or incompletely quotes, characterizes, or interprets the subcontract, deny. BCI denies that Article 9 entitles W-T to the relief sought in the Crossclaim.

176823452.1 3

13.    Admit only that W-T transmitted correspondence to BCI regarding this matter. BCI denies that any such correspondence created, triggered, or established any obligation by BCI to defend, indemnify, reimburse, or otherwise compensate W-T.

14.    Deny.

15.    Deny.

## Count One – Breach of Contract

16.    BCI incorporates its responses to Paragraphs 1 through 15, including all subparts, as if set forth fully herein.

17.    Admit that BCI undertook certain work pursuant to its subcontract with W-T, including certain glass, glazing, and metal panel work. The subcontract and scope of work are written documents that speak for themselves, and to the extent the allegations in Paragraph 17 are inconsistent with those documents, deny.

18.    Deny.

19.    Deny.

To the extent the unnumbered WHEREFORE clause following Paragraph 19 requires a response, BCI denies that W-T is entitled to any of the relief requested, including any award for the totality of Plaintiff's alleged damages, any equitable relief costs, defense costs, attorneys' fees, costs, or any other relief.

## Count Two – Indemnity

20.    BCI incorporates its responses to Paragraphs 1 through 19, including all subparts, as if set forth fully herein.

21.    The allegations in Paragraph 21 call for legal conclusions to which no response is required. To the extent a response is required, deny.

22.    Deny.

To the extent the unnumbered WHEREFORE clause following Paragraph 22 requires a response, BCI denies that W-T is entitled to any of the relief requested, including indemnity, reimbursement for any award to Plaintiff, equitable relief costs, costs, or any other relief.

### Count Three – Contribution

23.    BCI incorporates its responses to Paragraphs 1 through 22, including all subparts, as if set forth fully herein.

24.    The allegations in Paragraph 24 call for legal conclusions to which no response is required. To the extent a response is required, deny.

25.    The allegations in Paragraph 25 call for legal conclusions to which no response is required. The subcontract is a written document that speaks for itself, and to the extent Paragraph 25 characterizes or interprets the subcontract, deny.

26.    The allegations in Paragraph 26 call for legal conclusions to which no response is required. To the extent a response is required, deny.

To the extent the unnumbered WHEREFORE clause following Paragraph 26 requires a response, BCI denies that W-T is entitled to any contribution, pro rata share, equitable relief costs, costs, or any other relief.

### AFFIRMATIVE DEFENSES

1.    BCI generally denies liability and demands strict proof thereof.

2.    The Crossclaim, in whole or in part, fails to state a claim upon which relief can be granted.

3.    W-T's claims may be barred, in whole or in part, because Plaintiff's claims against W-T and/or BCI are barred, in whole or in part, by the applicable statute of limitations.

4. W-T's claims may be barred, in whole or in part, because W-T has not established any obligation by BCI to defend, indemnify, contribute to, or reimburse W-T.

5. W-T's claims may be barred, in whole or in part, because the conditions precedent to any alleged defense, indemnity, contribution, or reimbursement obligation have not occurred or have not been satisfied.

6. W-T's claims may be barred, in whole or in part, because any alleged damages claimed by Plaintiff or W-T were caused by persons or entities other than BCI.

7. W-T's claims may be barred, in whole or in part, because W-T's own acts, omissions, negligence, breach of contract, breach of duty, or other conduct caused or contributed to the damages alleged by Plaintiff and/or W-T.

8. W-T's claims may be barred, in whole or in part, because Plaintiff and/or others performed work without providing BCI the opportunity to correct or remedy any alleged deficiencies.

9. W-T's claims may be barred, in whole or in part, because Plaintiff, W-T, and/or others failed to mitigate their alleged damages.

10. W-T's claims may be barred, in whole or in part, because Plaintiff's actions or omissions contravened the terms and conditions of any applicable warranty and/or voided any applicable warranty.

11. W-T's claims may be barred, in whole or in part, because Plaintiff had knowledge of the alleged conditions giving rise to its claims.

12. W-T's claims may be barred, in whole or in part, by waiver, estoppel, laches, accord and satisfaction, payment, release, or other equitable doctrines.

13.     W-T's claims may be barred, in whole or in part, because any indemnity provision relied upon by W-T is unenforceable, inapplicable, or limited by applicable law, public policy, and/or the terms of the subcontract.

14.     W-T's claims may be barred, in whole or in part, to the extent W-T seeks indemnity or reimbursement for its own acts, omissions, negligence, breach of contract, breach of duty, or other fault.

15.     W-T's claims may be barred, in whole or in part, because W-T seeks recovery for attorneys' fees, expert costs, defense costs, or other expenses that are not recoverable from BCI under the subcontract, applicable law, or the facts of this case.

16.     W-T's claims may be barred, in whole or in part, because W-T has not incurred recoverable damages caused by BCI.

17.     W-T's claims may be barred, in whole or in part, because BCI's actions at all times were not willful, knowing, reckless, negligent, wrongful, or in breach of any duty owed to W-T.

18.     BCI reserves the right to amend these Affirmative Defenses as facts become known during discovery in this matter.

**WHEREFORE**, having fully answered the Crossclaim, BCI Incorporated requests that the Court enter judgment in its favor and against The Whiting-Turner Contracting Company, that W-T take nothing by way of its Crossclaim, and that BCI be awarded its costs, attorneys' fees to the extent permitted by law, and all other relief this Court deems just and proper.

Respectfully submitted,

/s/ *Kathryn E. Bonorchis*

Kathryn E. Bonorchis, Bar # 977709
Timothy P. Scott, Jr., Bar # 1685022
Lewis Brisbois Bisgaard & Smith, LLP
100 Light Street, Suite 1300
Baltimore, MD 21202
Kathryn.Bonorchis@Lewisbrisbois.com
Timothy.Scott@Lewisbrisbois.com
Telephone: 410.525.6409
*Counsel for Defendant BCI Incorporated*

176823452.1 8

/s/ *Kathryn E. Bonorchis*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of May, 2026, a copy of the foregoing was

served via *CM/ECF filing* to:

Gregory J. Phillips, Esq.
Michael D. Meuti, Esq.
**BENESCH, FRIEDLANDER, COPLAN
& ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, OH   44114
Phone: (216) 363-4500
E-Mail: gphillips@beneschlaw.com
           mmeuti@beneschlaw.com
*Counsel for Plaintiff, Deka USA DIM Property One LP*

Ian Thomas Valkenet
Thomas C. Valkenet
**YOUNG & VALKENET**
600 Wyndhurst Avenue, Suite 230
Baltimore, MD 21210
410-323-0900
Fax: 410-323-0977
Email: itv@youngandvalkenet.com
           tcv@youngandvalkenet.com
*Counsel for Defendant Whiting-Turner Contracting Company*

Robert M. Gittins
**ECCLESTON & WOLF, P.C.**
7240 Parkway Drive
Fourth Floor
Hanover, MD 21076
410-752-7474
Email: gittins@ewmd.com
*Counsel for Defendant Sun Metal Systems Inc.*

/s/ Kathryn E. Bonorchis
           Kathryn E. Bonorchis

176823452.1 9