IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEKA USA DIM PROPERTY ONE LP,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THE WHITING-TURNER CONTRACTING COMPANY, et al.,<br><br>　　　　Defendants. | Civil Action No. 1:24-cv-2876<br><br>Judge Rudolph Contreras |

## PLAINTIFF DEKA USA DIM PROPERTY ONE LP'S SECOND UNOPPOSED MOTION TO MODIFY THE CASE MANAGEMENT ORDER

Plaintiff Deka USA DIM Property One LP ("Deka" or "Plaintiff"), through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 16, brings this Second Unopposed Motion requesting that the Court enter an order modifying the amended Case Management Schedule entered on March 25, 2026 (Minute Order). In support of this Second Unopposed Motion, Deka states as follows:

1.　　　　On November 5, 2025, the Court entered a Scheduling Order. (ECF No. 37).

2.　　　　After entry of that order, the Parties mutually exchanged initial disclosures on December 5, 2025. In addition, in response to discovery requests from Defendants the Whiting-Turner Contracting Company ("Whiting-Turner"), Sun Metals Systems, Inc. ("Sun Metals"), and BCI Incorporated ("BCI") (collectively "Defendants"), Deka promptly began collecting electronically stored information ("ESI") responsive to Defendants' requests.

3.　　　　As Deka's ESI was housed on servers located at its corporate parent's headquarters in Germany, collecting and extracting the data took significant time due to compliance issues with European Union and German privacy laws and regulations.

1

28920012 v2

4.      As such, on March 25, 2026, Deka requested, with all parties consenting and agreeing, that the schedule be extended (ECF No. 47), which the Court granted on the same day through a Minute Order.

5.      Since then, Deka encountered additional issues related to the document collection. Once the raw electronically stored data was obtained, Deka used targeted search terms to cull down millions of documents to a manageable set and performed an exhaustive review to ensure only responsive documents were produced.

6.      To further complicate the review, the majority of internal correspondence was in German. In working with the vendor of the review platform, Deka was able to convert the German documents into text files within the platform that allowed for review of the documents' contents in English. Deka separately worked to ensure its English search terms accurately captured documents in the review once converted to the text files. The translation and text file conversion issues significantly slowed the review process.

7.      Additionally, the documents were produced in their native form, in German, so as not to alter or change the documents from how they were collected and stored. Deka then met and conferred with the other parties to discuss how best to proceed with the German documents. The parties are in agreement that additional time is required to get the German documents translated for use at depositions and trial. The parties are working collaboratively to try and resolve the translation issue as efficiently as possible.

8.      Navigating the translation and the associated technical issues was time consuming and costly. Nonetheless, Deka did the heavy lifting and incurred the cost to ensure only responsive documents were produced.

28920012 v2

9.      Lastly, this dispute involved attorneys and experts from Deka's acquisition of the building at issue in 2021. Deka's prior and current outside counsel were involved in both the acquisition of the building and diagnosis of the IMP Panel issue. In addition, Deka, through its counsel, retained both consultants and testifying experts in the diagnosis of the root cause of the failure. The privilege issues and related review are complex and voluminous.  To avoid further discovery delays, all parties have agreed to forgo privilege logs in this case.

10.     Consequently, given the legal and technical complexities involved in reviewing and preparing Deka's document production, it took a considerable amount of time to ensure Deka's discovery responses were complete and thorough.

11.     The parties need additional time to complete written and document discovery, to resolve the remaining document production translation issues, as well as to schedule and complete depositions.

12.     Accordingly, Deka requests, with all parties' consent, that the Court enter an order modifying the current Scheduling Order. Counsel for Deka conferred with all counsel for Defendants and confirmed that the Defendants do not oppose this Motion and agree that the requested modification to the Scheduling Order is needed. Specifically, all Parties agree and propose that the following deadlines be extended:

| | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of Fact Discovery | July 10, 2026 | March 1, 2027 |
| Rule 26(a)(2) Affirmative Expert Reports | August 7, 2026 | April 9, 2027 |
| Rule 26(a)(2) Rebuttal Expert Reports | September 7, 2026 | May 21, 2027 |
| Status Conference with Court | October 26, 2026 @ 10am | No Change |
| Expert Discovery | October 23, 2026 | July 16, 2027 |

13.     As no trial date or other deadlines are currently set, the requested extensions will not impact trial or any other deadlines.

28920012 v2

14.    This request is made for good cause and not for any improper purpose.

Respectfully submitted,

*/s/ Jonathon Korinko*
Gregory J. Phillips, Esq. (DC Bar No. 464503)
Michael D. Meuti, Esq. (DC Bar No. 989355)
Jonathon Korinko, Esq. (*pro hac vice*)
BENESCH, FRIEDLANDER, COPLAN
& ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, OH   44114
Phone: (216) 363-4500
Fax: (216) 363-4588
E-Mail: gphillips@beneschlaw.com
         mmeuti@beneschlaw.com
         jkorinko@beneschlaw.com


*Counsel for Plaintiff, Deka USA DIM Property One LP*

4

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2026, a copy of the foregoing was filed electronically through the ECF/PACER system and was thus served via the Court's transmission facilities to all persons having filed an appearance in this matter. There are no persons entitled to service by regular mail.

/s/ Jonathon Korinko
Jonathon Korinko (*pro hac vice*)

*One of the Attorneys for Plaintiff, Deka USA DIM Property One LP*

5

28920012 v2